FILED
JUN 15 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 18CR5463-JLS |
| Plaintiff, | FINDINGS AND RECOMMENDATION OF THE MAGISTRATE JUDGE UPON A PLEA OF GUILTY |
| v. | |
| APRIL SPRING KELLY, | |
| Defendant. | |

Upon Defendant's request to enter a guilty plea to Counts ONE, TWO, THREE and FOUR of the SUPERSEDING INFORMATION pursuant to Rule 11 of the Federal Rules of Criminal Procedure, this matter was referred to the Magistrate Judge by the District Judge, with the written consents of the Defendant, counsel for the Defendant, and counsel for the United States.

Thereafter, the matter came on for a hearing on Defendant's guilty plea, in full compliance with Rule 11, Federal Rules of Criminal Procedure, before the Magistrate Judge, in open court and on the record.

In consideration of that hearing and the allocution made by the Defendant under oath on the record and in the presence of counsel, and the remarks of the Assistant United States Attorney,

**I make the following FINDINGS - that the Defendant understands:**

1. The government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;

2. The right to persist in a plea of "not guilty";

3. The right to a speedy and public trial;

4. The right to trial by jury, or the ability to waive that right and have a judge try the case without a jury;

5. The right to be represented by counsel-and if necessary to have the court appoint counsel-at trial and at every other stage of the proceeding;

6. The right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

7.  The defendant's waiver of these trial rights if the court accepts a guilty plea or nolo contendere;

8.  The nature of each charge to which the defendant is pleading;

9.  Any maximum possible penalty, including imprisonment, fine, and term of supervised release;

10. Any applicable mandatory minimum penalty;

11. Any applicable forfeiture;

12. The court's authority to order restitution [if applicable];

13. The court's obligation to impose a special assessment;

14. In determining a sentence, the court's obligation to calculate the applicable sentencing guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C § 3553(a);

15. Any provision in the plea agreement whereby defendant waives the right to appeal or to

collaterally attack the conviction and sentence; and

16. That, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**I further find that:**

17. The defendant is competent to enter a plea;
18. The defendant's guilty plea is made knowingly and voluntarily, and did not result from force, threats or promises (other than those made in a plea agreement); and
19. There is a factual basis for Defendant's plea.

**I therefore RECOMMEND that the District Judge accept the Defendant's guilty plea to ONE, TWO, THREE and FOUR of the SUPERSEDING INFORMATION.**

The sentencing hearing will be before **United States District Judge Janis Sammartino, on 10/11/2019 at 9:00AM.** The court excludes time from 7/15/2019 through 10/11/2019 pursuant to 18 USC § 3161(h)(1)(G) on the ground that the District Judge will be considering the proposed plea agreement.

4

Objections to these Findings and Recommendations are waived by the parties if not made within 14 days of this order. If the parties waive the preparation of the Presentence Report, objections are due within three days of this order.

Dated: 7/15/2019

Hon. F. A. Gossett III
United States Magistrate Judge

Copies to:
Judge Janis Sammartino
Assistant United States Attorney
Counsel for Defendant

5